CARAWAY, J.,
dissenting.
liThe competing arguments in these cases present different focuses on separate events. The majority asserts that the date *493 of the on-the-job injury is the key. What was substantively vested on that date was the right to future medical treatment even though the employee’s needs for specific treatment might remain unknown until years later. On the other hand, I agree with defendants’ position that the employee’s need for a new treatment, or more specifically, tracing the statutory language, “any dispute” concerning required medical treatment after the effective date of the new law, is the legislation’s procedural concern. There is no substantive dislodging of the past as the Statute procedurally addresses “any dispute” for a new medical need arising in the future.
First, as a factual aside, these are not cases where the employees in July of 2011 were receiving ongoing medical treatment or drugs that the | ¡Implementation of the new Medical Treatment Schedule might have called into question. Both the needs for treatment and the parties’ disputes have arisen in these cases after the effective date of the law.
The Civil Code in Article 6 makes a distinction between “substantive laws,” which have no retroactive effect, and “procedural laws,” which apply both prospectively and retroactively. Nowhere in the Code, however, are the two types of laws otherwise defined. While this allows the courts to draw that line, the jurisprudence has been criticized for being “fuzzy” in the process. J.R. Trahan, Time for a Change: A Call to Reform Louisiana’s Intertempo-ral Conflicts Law (Law of Retroactivity of Laws), 59 L. La. Rev. 661 (1999).
As a somewhat analogous rule, Civil Code Article 10 provides an interpretive principle for ambiguous legislation. I would hold that the initial inquiry for the retroactivity of laws like the test under Article 10 must seek “the meaning that best conforms to the purpose of the law.” La. C.C. art. 10. That “purpose of the law” for which the court must search can be indicated in the contextual expressions and operational features of a new law. I will discuss below those aspects of the legislative expressions within La. R.S. 23:1208-08.1, revealing that all medical benefit disputes arising after the new law are within the intended scope of the legislation. However, there is also a broad common sense understanding of modern medical care that must be central to the purpose of this new law.
The majority has chosen the date of the work-related accident for fixing medical care benefits, muddling the legislative concern for future medical care. The employee’s need for medical care, services, and treatment 13is always an ongoing dynamic, which the legislature and current medical advancements may address in new ways. Today’s most reasonable medical care and treatment for any injured employee has always been a broad purpose and goal of the Workers’ Compensation Act. The date of the employee’s accident and any limitation of available medical care at that time are irrelevant for consideration of the present medical need of the employee. The date of the accident is likewise irrelevant in searching for the “purpose of the law” for the new medical treatment schedule and its application to the emerging needs of employees. The present need for the employee’s medical benefit is the aim of this new law.
The legislature clearly reflects an intent that the law be applied to those injured employees whose requests for treatment and medical benefits occur after enactment and promulgation of the Medical Treatment Schedule. First, La. R.S. 23:1203(A)’s longstanding definition for medical benefits states:
In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and *494 services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services.
This section was not repealed by the new law and has always defined an ongoing obligation of employers to furnish necessary medical treatment and benefits untethered to the date of injury.
Under the new statute, the Medical Treatment Schedule is developed by a Medical Advisory Council and promulgated by the Office of Workers’ Compensation and the Director. La. R.S. 23:1203.1(A)(4). Procedurally, |4La. R.S 23:1203.1(1), (J) and (K) provide:
(I) After the promulgation of the medical treatment schedule, throughout this Chapter, and notwithstanding any provision of law to the contrary, medical care, services, and treatment due, pursuant to R.S. 23:1203, et seq., by the employer to the employee shall mean care, services, and treatment in accordance with the medical treatment schedule. Medical care, services, and treatment that varies from the promulgated medical treatment schedule shall be due by the employer when it is demonstrated to the medical director of the office by a preponderance of the scientific evidence, that a variance from the medical treatment schedule is reasonably required to cure or relieve the injured worker from the effects of the injury or occupational disease given the circumstances.
(J) After a medical provider has submitted to the payor the request for authorization and the information required by the Louisiana Administrative Code, Title 40, Chapter 27, the payor shall notify the medical provider of their action on the request within five business days of receipt of the request. If any dispute arises after January 1, 2011, as to whether the recommended care, services, or treatment is in accordance with the medical treatment schedule, or whether a variance from the medical treatment schedule is reasonably required as contemplated in Subsection I of this Section, any aggrieved party shall file, within fifteen calendar days, an appeal with the office of workers’ compensation administration medical director on a form promulgated by the director. The medical director shall render a decision as soon as is practicable, but in no event, not more than thirty calendar days from the date of filing.
(K)After the issuance of the decision by the medical director of the office, any party who disagrees with the medical director’s decision, may then appeal by filing a “Disputed Claim for Compensation,” which is LWC Form 1008. The decision of the medical director may be overturned when it is shown, by clear and convincing evidence, the decision of the medical director was not in accordance with the provisions of this Section.
La. R.S. 23:1203.1(1) and (J) (emphasis added); La. R.S. 23:1203.1(K). These provisions show that the legislature intended that the prior procedure for the workers’ compensation judge’s determination of necessary medical treatment be made secondary to the initial determination of a medical benefit dispute in accordance with the Medical Treatment Schedule and the newly designated Medical Director.
|sThe application of the procedure for appealing a denial for medical treatment from the employer’s workers’ compensation carrier applies to disputes arising after the July 13, 2011 promulgation date of the schedule, rather than injuries occurring after that date. Any “dispute” that *495 might have arisen on the Medical Treatment Schedule’s effective date, would necessarily have been in relation to an employee’s injury occurring before that date.
Also telling of the legislature’s intent that the Medical Treatment Schedule apply retroactively is the language of Subsections (E) and (H) of La. R.S. 23:1208.1. Subsection (E) states:
The medical advisory council shall develop guidelines in accordance with Subsections C and D of this Section and may amend the schedule in accordance with Subsections C and Paragraph (D)(2) of this section before submission to the director of the office of workers’ compensation administration for initial and subsequent formal adoption and promulgation in accordance with the Administrative Procedure Act, R.S. 49:950, et seq.
La. R.S. 23:1203.1(E) (emphasis added). Subsection (H) states:
The director with the assistance of the medical advisory council, is authorized to review and update the medical treatment schedule no less often than once every two years. Such updates shall be made by rules promulgated in accordance with the Administrative Procedure Act, R.S. 49: 950, et seq. In no event shall the schedule contain multiple guidelines covering the same aspects of the same medical condition which are simultaneously in force.
La. R.S. 23:1203.1(H) (emphasis added). The statute requires that a new Medical Treatment Schedule be promulgated at least once every two years. This reflects the legislature’s recognition of the evolving nature of the practice of medicine as new procedures are developed for certain conditions. If every new promulgation of the Medical Treatment Schedule is to be prospective only, with regard to when a claimant’s injury occurs, there |fiwould be different sets of law effective for every two-year period. This would make the administration of workers’ compensation benefits extremely cumbersome to the point of absurdity. Additionally, absurdity would be indisputable upon any employer’s insistence that new medical treatment on an updated schedule cannot be applied retroactively for an employee injured before the update.
In summary, the language of the new law demonstrates its application to all disputes over medical benefits that arise after July 13, 2011. In view of the “purpose of the law,” retroactivity is not the issue. There is no retroactivity — changing the care for the employee’s medical needs. The employee’s care and medical benefits in place on July 13, 2011 continue, but any new dispute for a different medical benefit is dealt with through the new process.
I respectfully dissent.